**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| CLOVER INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-142 |
| | ) | |
| U.S. DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS OR TRANSFER

Plaintiff Clover Insurance Company, a New Jersey corporation, brings this lawsuit challenging administrative actions taken in Maryland and the District of Columbia by Defendants, two federal agencies and their leaders. None of the parties resides in this District. None of the events or omissions giving rise to Plaintiff's claims arose in this district. Venue is therefore improper, and Defendants bring this motion under Federal Rule of Civil Procedure 12(b)(3) and respectfully urge this Court to dismiss Plaintiff's suit or, in the alternative, transfer it to a district in which venue would be proper.

## BACKGROUND[1]

According to the Complaint, the Centers for Medicare & Medicaid Services ("CMS") has calculated its 2026 Medicare Advantage Star Rating using data that, for various reasons, it was not allowed to use. Doc. 1 at ¶¶ 36–37. These claims are

---

[1] Because this Motion to Dismiss or Transfer raises a facial challenge to the Complaint, Defendant takes the allegations of the Complaint as true for purposes of this Motion and not as an admission of fact.

meritless, but for present purposes it matters only that they lack the statutorily required connection to the Southern District of Georgia. Plaintiff's allegedly unlawful Star Ratings were not calculated here. Plaintiff's complaint makes clear that it takes issue with Federal Register preambles and guidance documents promulgated by Defendants. *See, e.g.*, ¶¶ 116–17 (citing various Federal Register preambles); 121, 123, 130, 131, 145 (citing the 2026 Star Ratings Technical Notes). No part—much less a "substantial part"—of the preparation or promulgation of these documents occurred in the Southern District of Georgia.

## ARGUMENT

### I.    Venue in this matter is not proper in the Southern District of Georgia.

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure, a party may raise the issue of improper venue by motion. When a court determines that venue is improper it must either dismiss the action or transfer it to an appropriate district. 28 U.S.C. § 1406(a). When a plaintiff sues a federal officer or agency, the federal officer venue statute governs.

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

42 U.S.C. § 1391(e)(1). The burden of showing that venue is proper rests with the plaintiff. *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006). For purposes of

the "substantial part" language in § 1391(e)(1)(B), "[o]nly the events that directly give rise to a claim are relevant." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003); *see also E.V. v. Robinson*, 200 F. Supp. 3d 108, 113 n.2 (D.D.C. 2016) (cases construing general venue provision with identical language to § 1391(e)(1)(B) are helpful in construing the federal officer venue provision). The venue statute "protects defendants, and Congress therefore 'meant to require courts to focus on relevant activities of the defendant, not of the plaintiff.'" *Id* at 1371-72 (quoting *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)). "[E]vents or omissions that might have some tangential connection with the dispute in litigation are not enough." *Rogers v. Civil Air Patrol*, 129 F. Supp. 2d 1334, 1139 (M.D. Ala. 2001). After all, the statute requires that a "***substantial*** part" of these events take place there. 28 U.S.C. § 1391(e)(1)(B) (emphasis added); *Jenkins*, 321 F.3d at 1371.

None of the three provisions in the federal officer venue statute applies here. Plaintiff is a resident of New Jersey for venue purposes. Doc. 1 at ¶ 44. No defendant resides in the Southern District of Georgia, and to the extent that Plaintiffs might assert that venue is proper here based on the allegation that Defendants' "governmental activities occur nationwide," Doc. 1 at ¶¶ 45–48, the argument is meritless. "For venue purposes, the residence of a federal agency is the place where the entity performs its official duties." *Brahim v. Holder*, No. 13-23275-CIV, 2014 WL 2918598, at *2 (S.D. Fla. June 26, 2014) (citing *Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978)). Sections 1391(e)(1)(A) and (C) are thus inapplicable to the allegations in the Complaint.

In a single paragraph of its Complaint, Plaintiff alleges that a "substantial part of the events or omissions giving rise to the claims occurred in this district." Doc. 1, ¶ 51. It claims, first, that it "provides Medicare Advantage plans to thousands of seniors located across the Southern District of Georgia" and "CMS has harmed Clover's reputation and ability to attract and retain members in this District." *Id.* Second, it claims that "absent judicial relief, Clover will likely be forced to reduce or cease its operations within counties in the Southern District of Georgia." Third, it claims that "CMS erroneously determined Clover's 2026 Star Rating by relying on unauthorized forms of data concerning Clover's members located within this District, which erroneously and unlawfully misinterpret Clover's plan performance in this District." *Id.*

None of these claims is legally sufficient to establish venue under Section 1391(e)(1)(B). Clover does not allege that CMS made data collection or processing errors related to the information gathered in this District—for example, failing to gather relevant information or erroneously double-counting. "The problem that brings Clover to court is that CMS has *admittedly* departed from the measures of clinical quality and health outcomes that Congress authorized, instead relying on a host of other measures that have little or nothing to do with quality." Doc. 1 at ¶ 8 (emphasis in original). In other words, according to Plaintiff, CMS made decisions that were inconsistent with Congress's instructions. But those decisions—about what data to gather and incorporate into the Star Ratings—were made in the District of Columbia and Maryland, not the Southern District of Georgia. *See A.J. Taft Coal v.*

4

*Barnhart*, 291 F. Supp. 2d 1290, 1308 (N.D. Ala. 2003) (venue for challenge to Commissioner of Social Security's premium decision was Baltimore, Maryland, the location that the decision was "made in and issued from"). The gathering of data within this District has, at most, a "tangential connection" with the dispute in litigation. *Rogers*, 129 F. Supp. 2d at 1339. Moreover, the collection of information relating to Medicare beneficiaries in this District is not an event that "directly give[s] rise to a claim," meaning it is not relevant to the venue analysis. *Jenkins*, 321 F.3d at 1371. "We think this analytical framework, which considered as relevant only those acts and omissions that have a close nexus to the wrong, is a good interpretation of the statute." *Id.* at 1372.

Clover's remaining venue allegations fare even worse. It says that CMS has "harmed Clover's reputation and ability to attract and retain members in this District, and ability to continue expanding within this District" and that Clover "will likely be forced to reduce or cease its operations within counties in the Southern District of Georgia." Doc. 1, ¶ 51. These are paradigmatic examples of allegations about the *future* consequences of Defendants' actions. But the venue statute speaks in the past tense: where "a substantial part of the events or omissions giving rise to the claim *occurred*." 42 U.S.C. § 1391(e)(1)(B) (emphasis added); *see Rogers*, 129 F. Supp. 2d at 1339 (allegations of performance required at some future date insufficient to support venue); *Seariver Maritime Financial Holdings v. Peña*, 952 F. Supp. 455, 459 (S.D. Tex. 1996) (court "not persuaded" by claim that effects of allegedly unconstitutional statute being felt in Houston "give rise to venue"). The allegedly

wrongful acts—to wit, Defendants' promulgation of regulations and guidance that Plaintiff says were improper—occurred in Maryland and the District of Columbia. Plaintiff's claims about the effects of its lowered Star Ratings being felt in this District are thus irrelevant to the venue analysis.

When a district court determines that an action was filed in the wrong district it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C § 1406(a). Venue is improper in this District, and Defendants respectfully request that this Court either dismiss the action or transfer it to a district where it could have been filed in the first instance.

## CONCLUSION

The Complaint fails to meet Plaintiff's burden to establish that venue is proper in the Southern District of Georgia. Instead, its allegations demonstrate that his Complaint should have been filed in the judicial district where it resides (New Jersey), the judicial districts where Defendants reside (Maryland or the District of Columbia), or the districts where a substantial part of the events or omissions giving rise to the claim occurred (Maryland or the District of Columbia). Defendant therefore asks this Court to dismiss the Complaint or, in the alternative, transfer it to an appropriate judicial district.

[*signature block to follow*]

6

Respectfully submitted this 11th day of December, 2025,

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ O. Woelke Leithart*
Idaho Bar No. 9257
Assistant United States Attorney
U.S. Attorney's Office
Post Office Box 8970
Savannah, Georgia  31412
Telephone:  (912) 652-4422
E-mail: Woelke.Leithart@usdoj.gov

7