**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| CLOVER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL.,<br><br>Defendants. | ) | Case No. 2:25-cv-142 |

**RESPONSE TO ORDER TO SHOW CAUSE**

On March 18, 2026, this Court ordered both parties to show cause why the case should not be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a). Doc. 40 at 41. Defendants' position on this issue is straightforward: the case should be transferred.

As noted in the Court's Order, this Court can exercise its discretion *sua sponte* to transfer a case under § 1404(a). Doc. 40 at 36. That statute permits transfer "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Although some weight is given to a plaintiff's choice of forum, courts also consider other factors, including the available access to sources of proof, the burdens to any witnesses, efficiency, and the interest of justice. *See* Doc. 40 at 38; *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (listing nine factors to consider).

Although Clover contends that venue is proper in the Southern District of Georgia, it does not appear to dispute that the interest of justice would favor transfer

to the District of Columbia more than any other district. Doc. 22 at 17 ("[I]f Clover's chosen venue is deemed improper (which it should not be), the 'interest of justice' favors transfer to the U.S. District Court for the District of Columbia."). On this point Defendants agree: the District of Columbia is more convenient for the parties, and the interests of justice support transfer. The decisions at issue here were taken in the District of Columbia. *Id.* Defendants reside or perform their official duties in the District of Columbia. Doc. 1, ¶¶ 45–48; Doc. 22 at 17; Doc. 40 at 39. None of the parties resides in Georgia. Counsel for Clover are located primarily in Washington, D.C., Doc. 22 at 17, and Defendants have excellent representation there as well. Based on Clover's representation about district court caseloads, the District of Columbia is also an efficient forum for the resolution of its claims. *Id.*[1]

Therefore, this Court should transfer this action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ O. Woelke Leithart*
Idaho Bar No. 9257
Assistant United States Attorney
U.S. Attorney's Office
Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422
E-mail: Woelke.Leithart@usdoj.gov

[1] Clover has repeatedly asserted that it needs a judicial decision on the merits by the end of May. *See* Doc. 1, ¶ 43; Doc. 22 at 4; Doc. 38 at 3. Defendants do not share Clover's position. *See* Doc. 31 at 3–4. But to the extent that Clover claims urgency, its data supports the conclusion that the District of Columbia offers an efficient forum.