**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

CLOVER INSURANCE COMPANY,   )
                                )
      Plaintiff,            )
                                )
   v.                    )   Civil Action No. 2:25-cv-142
                                )
U.S. DEPARTMENT OF HEALTH AND )
HUMAN SERVICES, ET AL.,      )
                                )
      Defendants.       )

## <u>MOTION FOR RECONSIDERATION</u>

On May 27, 2026, this Court granted summary judgment in part to Plaintiff and denied Defendants' cross motion for summary judgment. Doc. 61. In reaching this decision, the Court declined to consider Defendants' reply brief after finding that Defendants failed to comply with one of this Court's orders. *Id.* at 1 n.1. Defendants respectfully ask that this Court reconsider this decision on the basis that Defendants' reply brief was timely filed. Defendants sought—and received—permission from this Court to file their reply brief by May 13, 2026. *See* Doc. 55.

Courts can reconsider judgments and orders under Rule 60 of the Federal Rules of Civil Procedure. Specifically, courts "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Additionally, under Fed. R. Civ. P. 60(b)(1), a Court may relieve a party from a judgment or order based on mistake or inadvertence, which the Rule does not limit to mistakes made by the

1

parties. Rule 59(e) also allows courts to amend erroneous judgments upon a showing of manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Here, the Court's order contains a mistake because it found that Defendants' reply brief was untimely and declined to consider the reply brief based on its mistaken conclusion. The procedural background to that decision is important.

On February 2, 2026, Plaintiff filed a premature motion for summary judgment. Doc. 34. Because a potentially dispositive motion to dismiss was pending, Defendants timely sought relief from the deadline to respond by filing a motion to stay the response until after a ruling was entered on the motion to dismiss. Doc. 37. The Court did not rule on Defendants' motion to stay before it denied the motion to dismiss. *See* Doc. 40. After denying the motion to dismiss, Defendants asked for clarification of the parties' briefing deadlines by filing a motion for a briefing schedule. Doc. 45. That motion was granted in part and denied in part in an order entered on April 3, 2026. Doc. 48. In that order, the Court found that, although Defendants should have responded to Plaintiff's motion for summary judgment sooner, "their failure to do so is understandable given the circumstances." *Id.* at 2–3. Nevertheless, the Court ordered Defendants to file their response (and any cross motions) within four business days, or by April 8, 2026. *Id.* at 3–4. Defendants complied with this deadline. Doc. 50.

In the April 3, 2026, order, the Court also ordered Defendants to file their reply brief by May 8, 2026. Doc. 45 at 4. Before that deadline arrived, Plaintiff moved to substantially increase the length of its own brief. Doc. 53. In response, Defendants

asked the Court either to deny Plaintiff's request for additional pages or, in the alternative, to grant an additional time in which to respond to the newly lengthened brief. Doc. 54. Defendants specifically asked for an additional five days, proposing May 13, 2026, as the new deadline. *Id.* at 3. The Court granted this request in a text order, ruling that "Defendants shall have an additional five days for response." Doc. 55. Defendants subsequently filed their reply on May 13, 2026, as ordered by the Court. Doc. 60.

Defendants' reply brief was timely filed within the deadline permitted by this Court. *See* Doc. 55. Respectfully, the Court erred in concluding otherwise and declining to consider the reply brief. Therefore, Defendants ask that this Court reconsider its Order pursuant to Fed. R. Civ. P. 59(e) and 60(a), (b)(1), consider Defendants' reply brief, deny Plaintiff's motion for summary judgment, and grant Defendants' cross-motion for summary judgment.

Respectfully submitted,

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ O. Woelke Leithart*
Idaho Bar No. 9257
Assistant United States Attorney
U.S. Attorney's Office
Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422
E-mail: Woelke.Leithart@usdoj.gov

3