**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

|  |  |
|---|---|
| CLOVER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES; CENTERS FOR MEDICARE & MEDICAID SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the United States Department of Health and Human Services; MEHMET OZ, in his official capacity as Administrator, Centers for Medicare & Medicaid Services,<br><br>     Defendants. | Civil Action No. 2:25-cv-142 |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants' disregard for the Federal Rules and this Court's Orders continues in their Motion for Reconsideration ("Motion"). Dkt. 62. Not only do Defendants blatantly ignore the relevant rules governing a motion for reconsideration, but they identify *nothing* in their reply brief that could conceivably result in a different outcome. Nor could they. There is absolutely nothing in this reply brief that casts any doubt on the correctness of the Court's judgment. Indeed, Defendants' reply brief is almost entirely duplicative of the Defendants' 60-page opposition to summary judgment and cross-motion for summary judgment that the Court considered, and comprehensively addressed, in its decision on summary judgment. The Motion should be denied, and Defendants should focus their efforts on expeditiously effectuating the Court's judgment.

Defendants rely on three Federal Rules they claim support reconsideration, namely, Rules 60(a), 60(b)(1), and 59(e). Defendants mischaracterize the governing legal standards under each

Rule.  And they do not even attempt to satisfy the actual requirements of any of them.

Starting with Rule 60(a), Defendants claim (at 1) that they are merely seeking to correct "a clerical mistake or a mistake arising from oversight or omission."  Fed. R. Civ. P. 60(a).  On Defendants' view, this case is just like one in which a court mistakenly issues a judgment for $200.00 when it meant $20,000.  *See id.*  But that Rule is wholly inapposite.  Rule 60(a) cannot be used to make "corrections or alterations that affect the substantial rights of the parties," as Defendants seek to do in disturbing the decision setting aside Clover's Star Rating and ordering it to be recalculated consistent with the decision.  *Jimenez v. U.S. Att'y Gen.*, 146 F.4th 972, 1000 (11th Cir. 2025).  In other words, Rule 60(a) cannot be used to invite the Court to "change[] its mind" due to an alleged "legal or factual mistake."  *Id.*  Defendants simply invoke the wrong Rule.

Rule 60(b)(1) and Rule 59(e) at least potentially allow a court to change its mind, due to a "mistake" or "inadvertence," Fed. R. Civ. P. 60(b)(1), or a manifest error of fact or law, *see* Fed. R. Civ. P. 59(e).[1]  But Defendants fail to present any argument showing that those Rules' actual standards are met.  A motion under these Rules cannot be used "to relitigate old matters, [or] raise argument or present evidence that could have been raised prior to the entry of judgment."  *Cent. Baptist Church of Albany v. Church Mut. Ins. Co.*, 146 F.4th 1003, 1013 (11th Cir. 2025); *Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1357 (11th Cir. 2024).  That is, the movant must show that there is something genuinely new, either new argument or evidence, that the Court did not consider, and could not, in fairness, have previously been presented to the Court.  *Id.*

Defendants do not even argue that standard is met here:  They point to nothing new in their

---

[1] Technically, because Defendants filed their Motion one day after the Court granted summary judgment, the Motion should be considered under Rule 59(e), and not under the similar Rule 60(b)(1) standard.  *See Jolley v. Donovan*, No. CV 210-097, 2011 WL 6400306, at *2 (S.D. Ga. Dec. 19, 2011) (Wood, J.) (explaining distinct timelines for Rule 59(e) and 60(b)(1) motions).

2

reply brief that was allegedly inadvertently discarded and that is distinct from the arguments they already had the opportunity to raise, and this Court already considered, in Defendants' 60-page combined opposition to summary judgment and cross-motion for summary judgment. Dkt. 50. And there is a good reason that Defendants do not identify anything new that this Court lacked an opportunity to consider: They are arguing about a *reply* brief on their cross-motion. By definition, "a litigant generally may n[ot] present a new, previously available argument for the first time . . . in a reply brief." *Smith v. HSBC Bank USA*, No. 2:17-CV-156, 2018 WL 11239214, at *4 (S.D. Ga. May 30, 2018) (Wood, J.), *aff'd*, 775 F. App'x 492 (11th Cir. 2019). So it will be rare that a litigant presents any new *and cognizable* argument in a reply. *Id.* And it will be rarer still that such a new argument meets the much higher, required showing of a manifest error or mistake to modify a judgment under Rule 59(e) or 60(b)(1). There is nothing like that here: Defendants' reply overwhelmingly repeats arguments Defendants already raised in their 60-page opposition and cross-motion—at times, nearly verbatim—and that the Court *already addressed* in its decision. *Compare* Dkt. 50 *with* Dkt. 60. The reply presents absolutely no basis for a different result.

There is an additional reason, unique to this case, that Defendants' reply cannot meet the standards of Rule 60(b)(1) or Rule 59(e): That reply has no bearing on the disposition of *Clover's* summary judgment motion that was the actual basis for the judgment. Recall that this was a *four* brief *cross*-motion cycle, so by the time Defendants filed their reply to their own cross-motion on May 13, the Parties had long completed briefing on *Clover's* summary judgment motion, with the filing of Clover's reply in support of its motion on April 29, 2026. *See* Dkt. 48 (setting briefing deadlines); Dkt. 57 (Clover Reply). In other words, the briefing of *Clover's* motion—which the Court granted in part—was long ago closed. *Id.* The only function of Defendants' reply was to support Defendants' *cross-motion* for summary judgment. Dkts. 51, 60. A reply in support of a

3

*cross*-motion for summary judgment cannot justify disturbing an order granting summary judgment *in favor of Clover after* briefing of *that* motion closed.  There is simply no reason to conceive that this Court should overturn its careful 70+ page opinion on the basis of repetitive arguments after the close of briefing on *Clover's* motion, and Defendants supply none.

Finally, Defendants had every opportunity to raise their reply arguments, in the ordinary course in a reply brief *filed in compliance with* the Court's Rules; they just failed to comply with the Court's Rules and Orders.  That provides no basis to disturb a judgment under Rule 60(b)(1) and Rule 59(e).  Specifically, this Court set the date for Defendants to file a reply brief as May 8, 2026.  Dkt. 48 at 4.  Defendants never filed a motion to extend that deadline, as required by the Local Rules.  Local Rule 6.1 ("Extensions of time may not be obtained by stipulation between counsel and must either be sought from the Clerk . . . or be requested *by motion* to the Court.").  Instead, *Clover* moved for *excess pages* in connection with its combined summary judgment opposition and reply brief.  Dkt. 53.  Defendants *opposed* Clover's page length request and stated in their *opposition* that, if Clover were granted additional pages, the Court should allow Defendants "an extension to file their reply on or before May 13, 2026."  Dkt. 54.  Since Defendants filed no extension motion, none was docketed as such or referred to the Magistrate Judge.  All of this flurry of papers transpired over the span of *one* business day.  *Id.*  There was a reason why Defendants were rushing with this haphazard, unauthorized procedure to try to reset a deadline through an opposition:  Defendants had wasted over 1.5 months defaulting their February 23, 2026 summary judgment response deadline, Dkt. 36, as this Court previously identified, Dkt. 48 at 3-4; Dkt. 61 at 1 n.1.  Even today, Defendants *still* refuse to own up to their refusal to comply with the Court's summary judgment briefing deadline.  Dkt. 62 at 2 (justifying Defendants' refusal to comply with the February 23, 2026 summary judgment response deadline because "Plaintiff filed a premature

motion for summary judgment"); *compare* Dkt. 48 at 3-4, Dkt. 61 at 1 n.1 (explaining Defendants defaulted deadline); Fed. R. Civ. P. 54(b) (a party may move for summary judgment at "any time").

The bottom line is that Defendants decided to ignore court-ordered briefing deadlines, rushed to change the reply deadline at the tail end of this case, and did not properly docket a motion to extend time, resulting in Defendants' claim of a "mistake" by the Court in allegedly conflating their reply deadline as between May 8 and 13. Clover, meanwhile, has scrupulously complied with all of the Rules. Defendants too had the opportunity to follow the Rules and present their arguments; they chose a different path. Indeed, the only reason Defendants were in any position to brief summary judgment *at all* was that the Court exercised its discretion to excuse their prior default. Dkt. 61 at 1 n.1. All of that is far afield from the sort of manifest error *by the Court* providing any reason to disturb a final judgment under Rule 60(b)(1) and Rule 59(e).

The Court should deny Defendants' Motion.

Dated:  May 29, 2026                                      Respectfully submitted,

/s/ *James B. Durham*
James B. Durham
Hall Booth Smith, P.C.
3528 Darien Highway
Suite 300
Brunswick, GA 31525
Tel: (912) 554-0093
Email: JDurham@hallboothsmith.com

Andrew D. Prins*
Rachael L. Westmoreland*
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: andrew.prins@lw.com
          rachael.westmoreland@lw.com

5

Nicholas L. Schlossman*
LATHAM & WATKINS LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (737) 910-7300
Fax: (737) 910-7301
Email: nicholas.schlossman@lw.com

*_pro hac vice_

_Attorneys for Plaintiff Clover Insurance
Company_

6

## CERTIFICATE OF SERVICE

On May 29, 2026, I caused a copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF filing system, which will send notification of such filing to all registered participants.

/s/ *James B. Durham*
James B. Durham