# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

CLOVER INSURANCE COMPANY,

    Plaintiff,

    v.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.,

    Defendants.

2:25-CV-142

## ORDER

Before the Court is Defendants' motion for reconsideration. Dkt. No. 62. Plaintiff has responded in opposition. Dkt. No. 63 For the reasons set forth below, the motion is **GRANTED in part** and **DENIED in part.**

## BACKGROUND

The underlying facts of this lawsuit were set forth in the Court's March 18, 2026 Order, dkt. no. 40, the Court's May 6, 2026 Order, dkt. no. 59, and the Court's May 27, 2026 Order, dkt. no. 61. For this reason, the Court need not restate the facts and underlying law in full here. At a high level, this case involves the Medicare Advantage Program, a sub-program of the federal Medicare program. Dkt. No. 1 ¶¶ 1, 4; MSP Recovery Claims, Series LLC v. QBE Holdings, Inc., 965 F.3d 1210, 1214 (11th Cir. 2020) (citing MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co., 950 F.3d

764, 767 (11th Cir. 2020)). The Medicare Advantage Program allows Medicare-eligible individuals to elect to receive their benefits through private insurers called Medicare Advantage Organizations ("MAOs"), rather than having the Centers of Medicare & Medicaid Services (Defendant "CMS") pay medical providers directly for medical care. MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co., 40 F.4th 1295, 1298 (11th Cir. 2022) (citing 42 U.S.C. §§ 1395c to 1395i-6, 1395j to 1395w-6). Each year, CMS gives each "Medicare Advantage Plan" offered by MAOs a one-to-five "Star Rating" intended to communicate the quality of that plan. Elevance Health, Inc. v. Becerra, 736 F. Supp. 3d 1, 4 (D.D.C. 2024). In the present action, Clover—an MAO—challenges its 2026 Star Rating, arguing that various "measures" used by CMS in this Star Rating calculation amount to violations of the Administrative Procedure Act ("APA") and the private non-delegation doctrine. See generally Dkt. No. 1.

Clover initiated this action on November 7, 2025, seeking declaratory and injunctive relief. Id. ¶¶ 232-73. Clover names as Defendants the Department of Health and Human Services ("HHS"); Robert F. Kennedy, Jr., in his official capacity as Secretary of HHS; CMS; and Mehmet Oz, in his official capacity as Administrator of CMS. See generally id. On December 11, 2025, Defendants jointly moved to dismiss this case or, in the alternative, transfer this case for improper venue pursuant to 42 U.S.C. § 1406. Dkt. No. 21;

2

see also 28 U.S.C. § 1406 (providing for transfer of case filed in the wrong division or district). Clover also moved to expedite ruling on that motion. Dkt. No. 23 at 2. On March 18, 2026, the Court held that venue was proper in the Southern District of Georgia, denying Defendants' motion to dismiss or transfer pursuant to Section 1406 and ordering the parties to present their views on the propriety of sua sponte transfer under 42 U.S.C. § 1404(a). Dkt. No. 40 at 35-40. After Plaintiff and Defendants submitted additional briefing in response to this Court's show-cause Order, dkt. nos. 41, 42, the Court held that transfer is not warranted under 28 U.S.C. § 1404(a), and the case remained in the Southern District of Georgia, dkt. no. 59.

The subject of the present motion for reconsideration is this Court's May 27, 2026 Order on the parties' cross-motions for summary judgment, dkt. no. 61. By way of background, Clover moved for summary judgment on February 2, 2026. Dkt. No. 34. In its prior briefing on the venue dispute, Clover noted that Defendants failed to file a timely response to Clover's motion for summary judgment. Dkt. No. 42 at 7. Defendants subsequently moved for an updated briefing schedule on April 1, 2026. Dkt. No. 45.

On April 3, 2026, the Court granted in part and denied in part Defendants' motion for an updated briefing schedule, stating that Defendants shall respond to Plaintiff's motion for summary judgment and file their cross-motion for summary judgment on or

3

before April 8, 2026. Dkt. No. 48. Defendants timely responded, and, in the same document filed a cross-motion for summary judgment. Dkt. Nos. 50, 51.[1]

Pursuant to the Court's updated briefing schedule provided by the April 3, 2026 Order, Clover was required to respond to Defendants' cross-motion for summary judgment and reply in support of its motion for summary judgment on or before April 29, 2026. Id. at 2-3. Relevant to the present motion, if Defendants elected to file a reply in support of their cross-motion for summary judgment, they were required to do so by May 8, 2026. Id. at 3.

However, on April 24, 2026, Clover moved for leave to exceed the page limits contemplated by this Court's Local Rules with respect to its combined response to Defendants' cross motion for summary judgment and reply in support of Clover's motion for summary judgment. Dkt. No. 54. Buried in Defendants' response to

---

[1] As noted in the Court's May 27, 2026 Order, dkt. no. 61 at 15 n.6, Defendants responded to Clover's motion for summary judgment and, in the same document, moved for summary judgment. Dkt. Nos. 50, 51. This document appears twice on the docket, once docketed as Defendants' Response brief and once docketed as Defendants' cross-motion for summary judgment. Dkt. No. 50 (docketed as Defendants' response brief, filed April 8, 2026); Dkt. No. 51 (docketed as Defendants' cross motion for summary judgment, filed April 9, 2026); see also Dkt. No. 51 at 1 n.1 (Defendants' explanation for the repeated filing). These separate filings, though, are substantively identical. Dkt. Nos. 50, 51. As a result, though Defendants' cross motion is a separate docket entry filed one day after the April 8, 2026 deadline, there exists no timeliness concern regarding Defendants' cross-motion for summary judgment.

4

Clover's motion to exceed applicable page limits, rather than by motion, Defendants requested that they be given five additional days to reply in support of their cross-motion for summary judgment. Dkt. No. 54 at 1. In a text Order issued on April 28, 2026, the Magistrate Judge indicated that "Defendants shall have an additional five days for response" past the May 8, 2026 deadline previously set. Dkt. No. 55. Defendants filed a reply brief in support of their cross-motion for summary judgment on May 13, 2026, dkt. no. 60.

On May 27, 2026, the Court ruled on the parties' cross motions for summary judgment, declining to consider Defendants' May 13, 2026 reply brief as untimely. Dkt. No. 61 at 1 n.1. In doing so, the Court granted in part and denied in part Plaintiff's motion for summary judgment, dkt. no. 34, and denied Defendants' motion for summary judgment, dkt. no. 51. Dkt. No. 61 at 71. Defendants now move for reconsideration, asking the Court to reconsider its ruling on the cross-motions for summary judgment and stating that Defendants' reply brief was timely filed pursuant to the five-day extension previously issued by the Court, dkt. no. 62, and Plaintiff replied in opposition, dkt. no. 63.

## LEGAL AUTHORITY

"The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration." Moon v. Cincinnati Ins. Co., 975 F. Supp. 2d 1326, 1328 (N.D. Ga. 2013), aff'd, 592 F.

5

App'x 757 (11th Cir. 2014). "Nevertheless, such motions are common in practice." Id. Courts often employ the standard for a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) when asked to reconsider a summary judgment order as Defendants request here. See Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (Where "the relief sought was the setting aside of the grant of summary judgment [or] denial of the defendant's motion for summary judgment," the motion may be "properly characterized as a Rule 59(e) motion to alter or amend the judgment."); see also Dkt. No. 75 at 2 (relying on the Rule 59(e) standard to bring this motion).

"Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (citations omitted). "A movant must 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993)). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" Id. at 1380 (first quoting United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003); then quoting Am. Home

6

Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)).

"Reconsideration is vested in the district court's sound discretion, and the grant of a motion to reconsider is an 'extraordinary remedy to be employed sparingly.'" Diamond Crystal Brands, Inc. v. Wallace, 563 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (quoting Richards v. United States, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999)) (citing Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000); Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were previously available, but not pressed." Id. (internal quotation marks omitted) (quoting Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998)).

## DISCUSSION

Defendants challenge the Court's decision not to consider their reply brief, invoking the need to correct clear error or prevent manifest injustice as the reason for reconsideration. Dkt. No. 62. The Court holds that Defendants' reply brief was timely

filed. Dkt. Nos. 55, 62. However, upon review of this reply brief, and fully considering its contents, dkt. no. 62, in conjunction with the remainder of the record which has already been considered, dkt. nos. 33, 34, 50, 51, 57, the Court further holds that it did not err in granting in part and denying in part Plaintiff's motion for summary judgment and denying Defendants' motion for summary judgment. In other words, the same result is proper—even after considering the reply.

To this end, Clover indicates that "Defendants' reply brief is almost entirely duplicative of the Defendants' 60-page opposition to summary judgment and cross-motion for summary judgment that the Court considered, and comprehensively addressed, in its decision on summary judgment." Dkt. No. 63 at 1. This is correct. Defendants make the following arguments in their reply brief: (I) The Medicare rulemaking provision (42 U.S.C. § 1395hh(a)(2)) does not apply to Star Ratings because Star Ratings do not "govern" payment for services, scope of benefits, or eligibility; (II) CMS did not violate congressional directives in its selection of Star Ratings measure specifications; (III) CMS did not violate its regulatory notice and comment obligations; and (IV) the Court need not consider any remaining claims by Clover because such claims are meritless. Dkt. No. 60.

First, with respect to the statutory rulemaking provision, Defendant argues about the meaning of the term "govern" and whether

8

Star Ratings fall within that definition. Id. at 2-11. These same arguments were presented in Defendants' joint motion reply and cross motion for summary judgment. Dkt. No. 50 at 17-23. The Court gave due consideration to these interpretive arguments, addressing the meaning of the word "govern" as used in 42 U.S.C. § 1395hh(a)(2) in a full-length statutory interpretation analysis. Dkt. No. 61 at 60-71. Through this, the Court reached the "best reading" of this provision, and the arguments presented in Defendants' reply brief—arguments duplicative of the arguments in its prior briefing which were, in fact, considered—do not change this conclusion. Id.; Dkt. Nos. 50, 51, 61; see also Loper Bright Enters. v. Raimondo, 603 U.S. 369, 412 (2024) (requiring that courts determine the "best reading" of a statute).

Next, Defendants' second point can be split into three substantive arguments: argument discussing (A) the meaning of "based on" in 42 U.S.C. § 1395w-23(o)(4)(A); (B) how a surrounding provision, 42 U.S.C. § 1395w-21(d)(4), should weigh on the scope of the Secretary's data-collection power; and (C) CMS did not violate the "types of data" restriction" in 42. U.S.C. § 1395w-22(e)(3)(B)(i). Dkt. No. 60 at 11-19. Defendants' interpretation of "based on" in Section 1395w-23(o)(4)(A) was addressed in their opening brief, dkt. no. 51 at 27-35, and the Court meaningfully engaged with these interpretive arguments in ruling on the cross-motions for summary judgment, dkt. no. 61 at 19-39. Defendants

9

also previously discussed the impact of surrounding provision Section 1395w-21(d)(4). Dkt. No. 51 at 30-32. The Court already considered these arguments, did not find them persuasive, and ultimately reached its own interpretation of the Secretary's data collection power. Dkt. No. 61 at 40-56; see also Batmasian, 319 F.R.D. at 406 (citing Motorists Mut. Ins. Co., 2009 WL 5065223, at *1 (holding that court's failure to consider reply brief in support of summary judgment motion before ruling did not require court to grant motion for reconsideration where court did not rely on the legal arguments addressed by reply in reaching decision)). Finally, with respect to the "types of data restriction," the Court, again, properly considered the interpretation of "types of data," including Defendants' proposed interpretation, in reaching its conclusion. Compare Dkt. No. 60 at 17-19, with Dkt. No. 51 at 35-44. See also Dkt. No. 61 at 40-60. In fact, the Court, without considering Defendants' reply brief, reached a favorable result for Defendants with respect to the "types of data" challenge. Dkt. No. 61 at 40-60.

Third, with respect to the regulatory notice-and-comment obligations discussed in the reply brief, the Court did not reach this argument. Dkt. No. 61 at 71 n.20. This is because, based on the remainder of the Court's ruling on the cross-motions for summary judgment, none of which should be disturbed by the instant motion for reconsideration, the Court need not rule on the

10

regulatory notice-and-comment issue. See id. The District Court for the Southern District of Florida reached a similar issue in Batmasian, ultimately noting that the court's "prior Order, . . . did not rely upon, or make any determination related to" one of the arguments in plaintiffs' reply brief. 319 F.R.D. at 406. The court's decision not to rely upon that argument in plaintiffs' reply brief did not provide sufficient reason for reconsideration in Batmasian, id., and the same can be said with respect to the regulatory notice-and-comment arguments in this case.

Finally, the section of Defendants' reply brief which discusses Clover's "remaining claims" does not warrant reconsideration either. Dkt. No. 60 at 22-25. This section discusses how omitting certain measures would impact the Star Rating calculation. Id. at 22. In formulating the relief described in its May 27, 2026 Order, the Court directed CMS to redetermine Clover's 2026 Star Rating in accordance with its Order but did not dispositively rule on what Clover's new 2026 Star Rating would be. Dkt. No. 61 at 71-72 n.21 (citing Elevance Health, 736 F. Supp. 3d at 25-26 (holding that, in formulating relief in Star Ratings litigation, "courts should, where possible, leave it to administrative agencies to determine in the first instance how best to implement a judicial decision that alters the relevant legal framework.")). This renders immaterial Defendants' contentions about the impact that omitting certain measures would

11

have on the Star Rating calculation because the Court did not rely on such arguments in reaching its result. Motorists Mut. Ins. Co., 2009 WL 5065223, at *1 (similar).

The other "remaining claims" discussed by Defendants in their reply brief focus on the merits of Plaintiff's private non-delegation and "arbitrary and capricious" challenges. Dkt. No. 60 at 23-26. Like the regulatory notice-and-comment arguments, the challenged Order does not rely upon or ultimately rule on the merits of the private non-delegation challenge or the arbitrary and capricious challenge. Dkt. No. 61 at 39 n.13. In fact, the Court explicitly stated that it "expresse[d] no opinion on the merits of those arguments." Id. Accordingly, because the Court's decision did not rest in any way on either of these arguments, the Court's decision not to consider Defendants' reply brief does not amount to a commit a "manifest error of law." See id.; see also Batmasian, 319 F.R.D. at 406.

In sum, upon consideration of the reply brief filed by Defendants in support of their cross-motion for summary judgment, the Court finds that there exists no "clear error" or "manifest injustice" plaguing the ultimate decision reached in its May 27, 2026 Order. See Gold Cross EMS, 108 F. Supp. 3d at 1379.

## CONCLUSION

For these reasons, Defendants' motion for reconsideration, dkt. no. 62, is **GRANTED in part** and **DENIED in part**. The Court

**GRANTS** the motion to the extent it requests the Court to consider the reply brief. The Court **DENIES** the motion to the extent it requests the Court to alter any of the conclusions contained in the May 27, 2026 Order, aside from the decision not to consider the reply.

**SO ORDERED** this 29th day of May, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

13